**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's Name** | American Tire Distributors, Inc. |
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 5  6  -  0  7  5  4  5  9  4 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 12200 Herbert Wayne Court <br> Number       Street | Number       Street |
| | P.O. Box |
| Huntersville          NC     28078 <br> City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| Mecklenburg <br> County | Number       Street |
| | City          State     Zip Code |

| | |
|---|---|
| 5. **Debtor's website (URL)** | http://www.atd.com |
| 6. **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: _____ |

Debtor   **American Tire Distributors, Inc.** _____   Case number *(if known)* _____
Name

| | |
|---|---|
| 7.  **Describe debtor's business** | A. *Check One:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4231 (Motor Vehicle and Motor Vehicle Parts and Supplies Merchant Wholesalers)**

---

8.  **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.   District  **Delaware** _____   When  **10/04/2018** / MM/DD/YYYY   Case number  **18-12223** _____

District _____   When _____ / MM/DD/YYYY   Case number _____

---

| Debtor | **American Tire Distributors, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **District of Delaware** | When | **10/22/2024** |
| | | | | MM / DD / YYYY |
| | Case number, if known | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number       Street

_____
City                        State       Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | |
|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **American Tire Distributors, Inc.**                     Case number *(if known)* _____
_____
Name

| **15. Estimated assets** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**    Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **10/22/2024**
MM/ DD / YYYY

✗    ***/s/ Robert C. Toms, IV***                     Robert C. Toms, IV
Signature of authorized representative of debtor          Printed name

Title    **Deputy General Counsel**

**18. Signature of attorney**    ✗    ***/s/ Laura Davis Jones***          Date    **10/22/2024**
Signature of attorney for debtor                    MM/DD/YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street, 17th Floor**
Number          Street

**Wilmington**                          **Delaware**    **19801**
City                          State    ZIP Code

**(302) 652-4100**                     **ljones@pszjlaw.com**
Contact phone                     Email address

**2436**                          **Delaware**
Bar number                     State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____    Chapter    **11**

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of American Tire Distributors, Inc.

- **American Tire Distributors, Inc.**
- **ATD New Holdings II, Inc.**
- **ATD New Holdings III, Inc.**
- **ATD New Holdings, Inc.**
- **ATD Sourcing Solutions, LLC**
- **ATD Technology Solutions Inc.**
- **FLX FWD Logistics, LLC**
- **Hercules Tire International Inc.**
- **Terry's Tire Town Holdings, LLC**
- **The Hercules Tire & Rubber Company**
- **Tire Pros Francorp, LLC**
- **Tirebuyer.com, LLC**
- **Torqata Data and Analytics LLC**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| AMERICAN TIRE DISTRIBUTORS, INC., | ) | Case No. 24-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| ATD New Holdings III, Inc. | 12200 Herbert Wayne Court Huntersville, NC 28078 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN TIRE DISTRIBUTORS, INC., | ) | Case No. 24-_____(___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| ATD New Holdings III, Inc. | 100% |

**Fill in this information to identify the case:**

**Debtor name:** American Tire Distributors, Inc., et al.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 24-_____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis    12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | THE GOODYEAR TIRE & RUBBER CO 200 INNOVATION WAY AKRON OH 44316 | Ryan Waldron ryan_waldron@goodyear.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $121,637,634.19 |
| 2 | CONTINENTAL TIRE NORTH AMERICA INC 1830 MACMILLAN PARK DRIVE FORT MILL SC 29707 | Jochen Etzel, Bill Caldwell jochen.etzel@conti-na.com; bill.caldwell@conti-na.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $81,074,926.52 |
| 3 | TOYO TIRE USA CORP 5665 PLAZA DRIVE, STE 200 CYPRESS CA 90630 | Mike Graber graberm@toyotires.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $63,328,763.97 |
| 4 | ZC RUBBER AMERICA INC 661 BREA CANYON RD, SUITE #7 WALNUT CA 91789 | Henry Shen shenhaoyu@zc-rubber.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $51,242,442.11 |
| 5 | SUMITOMO RUBBER NORTH AMERICAN INC 13649 VALLEY BLVD FONTANA CA 92335 | Darren Thomas dthomas@srnatire.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $47,445,071.22 |
| 6 | PIRELLI TIRE LLC LOCKBOX #27826 27826 NETWORK PLACE CHICAGO IL 60673-1826 | Claudio Zanardo claudio.zanardo@pirelli.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $44,195,920.05 |

Debtor    **American Tire Distributors, Inc., et al.**                                    Case number *(if known)* **24-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | NITTO TIRE USA INC 1900 ST ROCHESTER AVE ONTARIO CA 91761 | Keiko Brockel keiko.brockel@nittotire.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $35,739,140.28 |
| 8 | NEXEN TIRE 21073 PATHFINDER RD STE 100 DIAMOND BAR CA 91765 | Brian Han brian@nexentire.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $26,154,374.73 |
| 9 | MICHELIN NORTH AMERICA INC PO BOX 19001 GREENVILLE SC 29602-9001 | Stephen Hoeft stephen.hoeft@michelin.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $22,241,853.91 |
| 10 | BRIDGESTONE AMERICAS TIRE OPERATIONS 200 4TH AVENUE SOUTH SUITE 100 NASHVILLE TN 37201 | Bridget Neal nealbridget@bfusa.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $19,165,895.33 |
| 11 | HANKOOK TIRE AMERICA CORP 1450 VALLEY RD WAYNE NJ 07470 | Rob Williams robert.williams@hankookn.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $14,205,989.98 |
| 12 | ZHILIAN TRADING LIMITED (HTR) 7A-7B NO 9 NANJING RD UNITED EDIFICE QINGDAO CHINA | Yi Yang yangyi@zhilian.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $11,269,762.74 |
| 13 | NORTH AMERICAN COMMERCIAL TIRE RESOURCES 1441 SOUTH MAIN NORTH CANTON OH 44720 | Mark Lammlein markl@nacomtire.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $8,853,673.21 |
| 14 | KUMHO TIRE USA INC 133 PEACHTREE ST NE SUITE 2800 ATLANTA GA 30303 | Shawn Denlein sdenlein@kumhotireusa.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $7,679,960.39 |
| 15 | THE CARLSTAR GROUP LLC PO BOX 100929 PASADENA CA 91189-0930 | Robb Smedema robb.smedema@carlstargroup.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $7,240,203.64 |
| 16 | BRIDGESTONE / FIRESTONE INC PO BOX 73418 CHICAGO IL 60673-7418 | John Welch WelchJohn@bfusa.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $6,235,787.37 |

Debtor   **American Tire Distributors, Inc., et al.**          Case number *(if known)* 24-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  MICKEY THOMPSON PO BOX 73437 CLEVELAND OH 44193 | John Bodart jbodart@mickeythompsontires.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $6,101,647.29 |
| 18  REDWOOD SUPPLY CHAIN SOLUTIONS 1765 N ELSTON AVE STE 216 CHICAGO IL 60642 | Jeff Leppert jleppert@Redwoodlogistics.com | PROFESSIONAL SERVICES | ☐ C ☐ U ☐ D | | | $5,161,575.39 |
| 19  GREMAX INDUSTRIAL PTE LTD (CROWN) NO. 60, PAYA LEBAR RD #11-08 PAYA LEBAR SQUARE SINGAPORE 409051 SINGAPORE | Tim Liang tim@crowntyre.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $4,885,331.42 |
| 20  RYDER SYSTEM, INC 6000 WINDWARD PKWY ALPHARETTA GA 30005 | Robert D. Fatovic bob_fatovic@ryder.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $4,179,747.45 |
| 21  SAILUN USA 4406 MALONE RD MEMPHIS TN 38118-7303 | Mr. Yuan zhongxue.yuan@sailuntire.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $4,157,724.33 |
| 22  YOKOHAMA TIRE CORP 1 MACARTHUR PL STE 800 SANTA ANA CA 92707 | Jeff Barna jeff.barna@yokohomatire.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $3,920,236.34 |
| 23  BLUEYONDER INC. 15059 N SCOTTSDALE RD. STE 400 SCOTTSDALE AZ 85260 | Ed Auriemma ed.auriemma@blueyonder.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $2,806,585.40 |
| 24  MICROSOFT LICENSING GP LEGAL AND CORPORATE AFFAIRS ONE MICROSOFT WAY REDMOND WA 98052 | Tammy Garlick tking@microsoft.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $2,618,539.81 |
| 25  GOOGLE INC 1600 AMPHITHEATRE PKWY MOUNTAIN VIEW CA 94043 | Philipp Schindler philipps@google.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $2,431,185.98 |
| 26  SUTONG CHINA TIRE RESOURCES INC 33402 HEMPSTEAD HWY STE A HOCKLEY TX 77447 | Nancy Zhao nzhao@sutongctr.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $2,223,970.16 |

Debtor    **American Tire Distributors, Inc., et al.**    Case number *(if known)* **24-_____**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA PO BOX 10472 NEWARK NJ 07193 | Rose Marie Glazer rglazer@aig.com | INSURANCE PAYABLE | ☐ C ☐ U ☐ D | | | $2,172,079.00 |
| 28 CROWN EQUIPMENT CORPORATION PO BOX 641173 CINCINNATI OH 45264-1173 | Tom Keller tom.keller@crown.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $1,316,014.52 |
| 29 FACILITYSOURCE LLC 3440 FLAIR DRIVE LOCKBOX SERVICES 846847 EL MONTE CA 91731 | Molly Machold mmachold@facilitysource.com | PROFESSIONAL SERVICES | ☐ C ☐ U ☐ D | | | $1,302,691.58 |
| 30 SHI INTERNATIONAL CORP 290 DAVIDSON AVE SOMERSET NJ 08873 | Meghan Alonzo meghan_alonzo@shi.com | TRADE PAYABLE | ☐ C ☐ U ☐ D | | | $1,155,611.91 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **American Tire Distributors, Inc.** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **10/22/2024** | ☒ */s/ Robert C. Toms, IV* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Robert C. Toms, IV** |
| | | Printed name |
| | | **Deputy General Counsel** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS UNANIMOUS WRITTEN CONSENT**
**IN LIEU OF A SPECIAL MEETING**
**OF THE GOVERNING BODIES**

**October 22, 2024**

**WHEREAS,** after due deliberation, the undersigned, being the (i) board of directors of each entity listed on **Schedules 1-4**, attached hereto, (ii) sole member of each entity listed on **Schedule 5**, attached hereto, (iii) board of managers of the entities listed on **Schedules 6-7**, and (iv) the sole shareholder of the entity listed on **Schedule 8** attached hereto (the entities identified on **Schedules 1-8**, the "Companies" and each, a "Company" and a "Filing Entity") (the board of directors, sole member, sole shareholder, or board of managers of each Company, collectively, the "Governing Bodies" and each, a "Governing Body"), hereby take the following actions and adopt the following resolutions by unanimous written consent, in lieu of a special meeting of each Governing Body, as applicable, pursuant to such Company's limited liability company agreement or bylaws, as applicable (the "Governing Agreement"), and the respective laws of the state or country of formation of each such Company;

**WHEREAS**, the Governing Body of each Company has reviewed and considered (a) presentations by such Company's management team (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to it, and the effect of the foregoing on each Company's business, (b) the information and advice previously provided to and reviewed by each such Governing Body, (c) presentations by the Company's Management and Advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "Restructuring Support Agreement") and the key terms thereof; and (d) the related matters on and before the date hereof;

**WHEREAS**, the Restructuring Support Agreement contemplates that the Companies will, among other things, file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and pursue a sale of all or substantially all of their assets;

**WHEREAS**, each Governing Body has reviewed and considered presentations by Management and the Advisors regarding the postpetition credit facilities (the "DIP Financing"), memorialized by in the DIP Documents (as defined herein) and other transactions contemplated in the Restructuring Support Agreement;

**WHEREAS**, each Governing Body has had adequate opportunity to consult with Management and Advisors regarding the materials and documentation presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, each Governing Body has determined that the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best

interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest; and

**WHEREAS**, after due deliberation, the members (the "<u>Disinterested Directors</u>") of the special committee (the "<u>Special Committee</u>") of the board of directors of American Tire Distributors, Inc., ATD New Holdings, Inc., and ATD New Holdings III, Inc., respectively, each a Delaware corporation, and—as members of the Special Committee of American Tire Distributors, Inc.—also the members of the Special Committee for each entity listed on **Schedules 4-8**, each being among the undersigned, hereby recommend that the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the articles of incorporation and applicable governing documents of the Companies, the Governing Bodies hereby adopt the following resolutions:

## <u>CHAPTER 11 FILING</u>

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company (including consideration of its creditors and other parties in interest) that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition (a "<u>Bankruptcy Petition</u>", and together with all matters contemplated by the Restructuring Support Agreement, including the Proposed DIP Financing, any auction, sales process, merger, business combination, reorganization, recapitalization, asset sale, equity sale or other fundamental transaction contemplated thereby, collectively, the "<u>Restructuring Matters</u>") for relief commencing a case (the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") or other court of competent jurisdiction; and, in accordance with the requirements of the Governing Agreements and applicable law, hereby consent to, authorize, approve, confirm and ratify all actions in connection with the filing of the respective Bankruptcy Petition;

**RESOLVED**, that any of the Chief Executive Officer, Chief Restructuring Officer, President, Chief Financial Officer, Executive Vice President, General Counsel, or Secretary or any other duly-appointed officer of each Company (collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business; and

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in

connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Filing Entities be, and they hereby are, authorized and directed to employ (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as restructuring counsel, (b) the law firm of Pachulski Stang Ziehl & Jones LLP ("Pachulski"), as Delaware restructuring counsel; (c) AP Services, LLC ("AlixPartners"), as restructuring advisor, (d) Moelis & Company LLC ("Moelis"), as financial advisor and investment banker, (e) Donlin, Recano & Company, Inc. ("Donlin Recano"), as notice and claims agent and administrative advisor, and (f) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatories deem necessary, appropriate, or advisable to retain (together with Kirkland, Pachulski, AlixPartners, Moelis, and Donlin Recano, the "Retained Professionals") in each case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications; or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals.

## THE RESTRUCTURING SUPPORT AGREEMENT

**RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest that each such Company and the other parties thereto enter into the Restructuring Support Agreement (substantially in the form presented to each Governing Body, with such changes as approved by one or more Authorized Signatories, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof) and that each Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized, approved, confirmed, and ratified;

**RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest, that the Authorized Signatories, acting individually and with full power of substitution, be, and hereby are, authorized, approved, empowered and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Support Agreement (including the DIP Financing) and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the Restructuring Matters, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Companies, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Signatory may approve, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof), and that such Companies' entry

into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed and ratified; and

**RESOLVED**, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to support or consummate the Restructuring Matters, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Support Agreement (including, without limitation, the incurrence of indebtedness, rejection of obligations, sale of the Companies, sale or equity or assets, merger liquidation, or other transactions that may be in furtherance of the Restructuring Matters).

## CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that the Filing Entities will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which may be security for certain prepetition secured lenders party to (i) that certain Term Loan Credit Agreement, dated as of October 22, 2021 (as amended by Amendment No. 1 to Term Loan Credit Agreement, dated as of March 26, 2023, as further amended by Amendment No. 2 to Term Loan Credit Agreement, dated as of March 26, 2023, as further amended by Amendment No. 3 to Term Loan Credit Agreement, dated as of July 24, 2024 and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time prior to the date hereof, the "Prepetition Term Loan Credit Agreement"), by and among American Tire Distributors, Inc, as borrower, ATD New Holdings III, Inc., as a guarantor, the lenders party thereto (collectively, the "Prepetition Term Loan Lenders"), and Bank of America, N.A., in its capacity as administrative agent and collateral agent (the "Term Loan Prepetition Agent"), and/or (ii) that certain ABL Credit Agreement, dated as of October 22, 2021 (as amended by that certain First Amendment to ABL Credit Agreement, dated as of April 13, 2023, as further amended by that certain Second Amendment to ABL Credit Agreement, dated as of July 16, 2024, as further amended by Third Amendment to ABL Credit Agreement, dated as of July 24, 2024 and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time prior to the date hereof, the "Prepetition ABL Credit Agreement," and, collectively with the Prepetition Term Loan Credit Agreement, the "Prepetition Credit Agreements"), by and among American Tire Distributors, Inc, as borrower, ATD New Holdings III, Inc., as a guarantor, the lenders party thereto (collectively, the "Prepetition ABL Lenders"), each other borrower party thereto, and Wells Fargo Bank, National Association, in its capacity as administrative agent and collateral agent (the "ABL Prepetition Agent"), (b) the incurrence of new money term loan financing obligations under a debtor-in-possession agreement, and roll up of existing 2024 Delayed Draw FILO Loans and certain outstanding Term Loans (the "DIP Term Loan Facility"), in a form substantially similar to the terms contemplated in the Restructuring Support Agreement, (c) a senior secured postpetition revolving facility on a superpriority basis solely comprised of a roll-up through collected receipts or refinancing of the outstanding ABL Loans under the Prepetition ABL Credit Agreement on terms contemplated in the Restructuring Support Agreement (the "DIP ABL Facility" and, together with the DIP Term Loan Facility and the Roll-Up Facility the "DIP Facilities");

4

**RESOLVED**, that in order to use and obtain the benefits of (a) the DIP Facilities and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain liens, claims, and adequate protection to the Secured Lenders (the "Adequate Protection Obligations") documented in a proposed order in interim and final form (collectively, the "DIP Orders") and submitted for approval to the Bankruptcy Court;

**RESOLVED**, that the form, terms, and provisions of the DIP Orders to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Filing Entities are or will be parties, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to each Governing Body, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**RESOLVED**, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on their assets to secure such obligations;

**RESOLVED**, that the Authorized Signatories of the Filing Entities be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and (i) execute the DIP Transactions, including delivery of:  (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by any agent under the Prepetition Credit Agreements or the DIP Documents (each, an "Agent"); and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents and perform or cause the Filing Entities to perform the obligations thereunder, (ii) grant and continue to grant liens on its property as set forth in the DIP Documents and to take such further action to maintain and perfect such liens and otherwise as necessary to effect the purposes of the DIP Documents, including, without limitation, to pledge and deliver stock certificates and promissory notes and to execute and deliver any and all certificates, intellectual property security agreements, and (iii) guarantee obligations, as applicable, pursuant to the DIP Documents and the terms of the DIP Facilities;

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to file

or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Filing Entities that the Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders; and

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Filing Entities in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate and enter into supplemental agreements, amendments, instruments, certificates, consents or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents or documents in the name and on behalf of each Filing Entity, which shall in their sole judgment be necessary, proper, or advisable to perform the Filing Entities' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## GENERAL

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Agreement of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement,

or certificate has been specifically authorized in advance by resolution of each Governing Body; and

**RESOLVED**, that (a) the foregoing resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Governing Bodies and each Company.

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing Resolutions as of the date hereof.

*Puneet Bhasin*
Puneet Bhasin

*Michael Kneeland*
Michael Kneeland

*James Micali*
James Micali

*John Sherman*
John Sherman

*Vincent Vangaever*
Vincent Vangaever

*Justin Betzen*
Justin Betzen

*Patrick Bartels*
Patrick Bartels

Roger Meltzer

**Being all of the directors of:**
--ATD New Holdings, Inc.

*Signature Page to Omnibus Unanimous Written Consent*

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing Resolutions as of the date hereof.

Keith Calcagno


**<u>Being all of the directors of:</u>**
--ATD New Holdings II, Inc.

*Signature Page to Omnibus Unanimous Written Consent*

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing Resolutions as of the date hereof.

James Micali

Keith Calcagno

Rebecca Sinclair

Patrick Bartels

Roger Meltzer

**Being all of the directors of:**
--ATD New Holdings III, Inc.
--American Tire Distributors, Inc.

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing Resolutions as of the date hereof.

Keith Calcagno

Patrick Bartels

Roger Meltzer

**Being all of the directors of:**
--The Hercules Tire & Rubber Company
--Hercules Tire International Inc.

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing Resolutions as of the date hereof.

<div style="margin-left:50%;">

**AMERICAN TIRE DISTRIBUTORS, INC.**,
A Delaware corporation,
as the sole shareholder of:
--ATD Technology Solutions, Inc.

By: _____
Name:   Ronald J. Bienias
Title:   Chief Restructuring Officer

</div>

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing Resolutions as of the date hereof.

Keith Calcagno

Patrick Bartels

Roger Meltzer

**Being all of the managers of:**
--Torqata Data and Analytics LLC

*Signature Page to Omnibus Unanimous Written Consent*

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing Resolutions as of the date hereof.

Keith Calcagno

Patrick Bartels

Michael Welch

Roger Meltzer

**Being all of the managers of:**

--Tirebuyer.com, LLC

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing Resolutions as of the date hereof.

**AMERICAN TIRE DISTRIBUTORS, INC.,**
A Delaware corporation,
as the sole member of:
--FLX FWD Logistics, LLC
--Terry's Tire Town Holdings, LLC
--Tire Pros Francorp, LLC
--ATD Sourcing Solutions, LLC

By: _____
Name:    Ronald J. Bienias
Title:    Chief Restructuring Officer