# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN TIRE DISTRIBUTORS, INC. *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12391 (CTG)<br><br>(Joint Administration Requested)<br>Related Docket No. 16 |

**LIMITED OBJECTION OF THE REINALT-THOMAS CORPORATION
TO MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION
FINANCING, (B) GRANT SENIOR SECURED PRIMING LIENS AND
SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, AND (C) UTILIZE
CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO THE
PREPETITION SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY;
(IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

The Reinalt-Thomas Corporation, d/b/a Discount Tire, America's Tire and Discount Tire Direct ("Discount Tire"), through its undersigned counsel, submits this limited objection to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Grant Senior Secured Priming Liens and Superpriority Administrative Expense Claims, and (C) Utilize Cash Collateral; (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [D.I. 16] (the "Motion") filed by the above-captioned debtors (the "Debtors"), and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are American Tire Distributors, Inc. (4594); ATD New Holdings II, Inc. (4985); ATD New Holdings III, Inc. (0977); ATD New Holdings, Inc. (3406); ATD Sourcing Solutions, LLC (5225); ATD Technology Solutions Inc. (N/A); FLX FWD Logistics, LLC (3334); Hercules Tire International Inc. (N/A); Terry's Tire Town Holdings, LLC (7409); The Hercules Tire & Rubber Company (3365); Tire Pros Francorp, LLC (1813); Tirebuyer.com, LLC (9093); and Torqata Data and Analytics LLC (4992). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Huntersville, NC 28078.

**Procedural Background**

1. The Debtors commenced these cases with the filing of voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on October 23, 2024 (the "Petition Date"). The Debtors remain in possession and are operating their businesses as debtors in possession under section 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

2. The Debtors filed the Motion on the Petition Date, seeking authority to obtain debtor in possession financing (the "DIP Financing") pursuant to sections 101, 361, 362, 363, 364, 503, 506, 507 and 552 of the Bankruptcy Code, rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and rules 2002-1, 4001-2 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Factual Background**

3. Discount Tire is one of the largest independent tire and wheel retailers in the United States, operating over 1,200 stores in 39 states. In addition to selling and installing tires and wheels, Discount Tire offers its customers a service through which Discount Tire arranges for moving and storage of its customers' winter tires ("Customer Tires") at certain of its locations.

4. Discount Tire and Debtor FLX FWD Logistics, LLC ("FLX") are party to a Logistics Services Agreement (the "LSA") dated June 1, 2023.[2] Under the LSA, FLX serves as a third-party provider for the pick-up and delivery, warehousing, transportation coordination and

---

[2] The LSA contains a confidentiality provision that prohibits either party from disclosing it without the other party's consent. Due to the limited amount of time between the filing of the Motion and the Debtors' first-day hearing, obtaining consent is not feasible and filing the LSA under seal is impractical. A copy of the LSA will be provided by e-mail to chambers and to counsel for the Debtors.

logistics services for Customer Tires. The Customer Tires are to be warehoused at distribution centers either owned or leased by FLX.

5. The LSA makes clear that FLX is a bailee of the Customer Tires and that ownership of the Customer Tires is to remain with Discount Tire at all times. *See* LSA §§ 2.1 and 3.1. FLX is required to release and deliver the Customer Tires upon instruction from Discount Tire. *Id.* § 2.3. Additionally, FLX is to keep the Customer Tires free from all liens, claims, security interests and encumbrances, with the exception of warehouse liens. *Id.* § 2.2. Although FLX is entitled to a warehouse lien on the Customer Tires, it must provide Discount Tire with forty-eight (48) hours' notice of its intention to pursue any warehouse lien and the specific amount of any unpaid charges owed by Discount Tire. *Id.* §§ 10.1-10.2.

6. By letter dated October 8, 2024, FLX reaffirmed that: (i) Discount Tire or its customers retain all ownership interests in the Customer Tires and FLX is prohibited from using or transferring the Customer Tires to itself or any third party except as requested by Discount Tire, and (ii) FLX is prohibited from placing any liens, claims, security interests or encumbrances on the Customer Tires, except for warehouse liens. *See* Exhibit 1.

**Limited Objection**

7. Under the DIP Financing, as proposed, the Debtors will provide the DIP Lenders (as defined in the Motion) with first priority liens on the "DIP Collateral" and provide the Pre-Petition Secured Parties with replacement liens on the "DIP Collateral." *See* Motion at ¶¶ 17, 43, 52. The term "DIP Collateral" is defined in the proposed interim order attached to the Motion (D.I. 16-1) (the "Interim Order") as:

> (i) the Debtors' interest in all assets and properties, whether tangible, intangible, real, personal or mixed, but excluding Excluded Property (as defined in the DIP ABL Credit Agreement and the DIP Term Loan Term Sheet, as applicable), whether now owned by or owing to, or hereafter acquired by, or arising in favor of, the

>Debtors (including under any trade names, styles or derivations thereof), and whether owned or consigned by or to, or leased from or to, the Debtors and regardless of where located, in each case to the extent such assets and properties constitute Prepetition Collateral; and (ii) property of the Debtors (other than Excluded Property (as defined in the DIP ABL Credit Agreement and the DIP Term Loan Term Sheet, as applicable), whether existing on the Petition Date or thereafter acquired, that, on or as of the Petition Date is not subject to valid, perfected and non-avoidable liens (or perfected after the Petition Date to the extent permitted by Bankruptcy Code Section 546(b)) (subject only to the Carve Out), including, without limitation, an equity pledge of all direct subsidiaries organized in the U.S. to the extent not constituting Excluded Property and all unencumbered assets of the Debtors, all prepetition property and postpetition property of the Estates, and the proceeds, products, rents and profits thereof, whether arising from Bankruptcy Code section 552(b) or otherwise, including, without limitation, unencumbered cash (and any investment of such cash) of the Debtors (whether maintained with the DIP Agents or otherwise) all equipment, all goods, all accounts, cash, payment intangibles, bank accounts and other deposit or securities accounts of the Debtors (including any accounts opened prior to, on or after the Petition Date), insurance policies and proceeds thereof, equity interests, instruments, intercompany claims, accounts receivable, other rights to payment, all general intangibles, all contracts and contract rights, securities, investment property, letters of credit and letter of credit rights, chattel paper, all interest rate hedging agreements, all owned real estate, real property leaseholds, fixtures, patents, copyrights, trademarks, trade names, rights under license agreements and other intellectual property, all commercial tort claims, and all claims and causes of action, and any and all proceeds, products, rents and profits of the foregoing, excluding Avoidance Actions….

Interim Order, ¶ 8 (emphasis supplied).

8.     The term "Excluded Assets" is not defined in the Motion or the Interim Order, and the definition in the DIP Term Loan Term Sheet attached to the Interim Order is "to be defined in the DIP Term Loan Facility Documents." *See* Interim Order, Exhibit 5 at p.7. Thus, the term "Excluded Assets" is effectively undefined.

9.     Despite the comprehensive definition of "DIP Collateral" in the Interim Order and the lack of any definition of "Excluded Assets," the Customer Tires cannot be DIP Collateral because they are held in bailment by FLX. It is well-established that a bailee does not own or hold title to property held in bailment. *See, e.g., Brown v. Cap. Title Agency (In re Pauley & McDonald, Inc.)*, 215 B.R. 37, 51 (Bankr. D. Ariz. 1996) (citing *Markel v. Transamerica Title Ins. Co.*, 442

P.2d 97, 104 (Ariz. 1968)).³ Property held in bailment by a debtor does not become property of the debtor's bankruptcy estate under section 541 of the Bankruptcy Code. *See, e.g., Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.)*, 72 F.3d 1171, 1179-80 (3d Cir. 1996).

10. The elements of a bailment are: (1) delivery of personal property by one person to another to be used for a specific purpose, (2) acceptance of that delivery, and (3) an express or implied contract that the purpose will be carried out and that the property will then be returned or dealt with as otherwise directed. *Redrock Admin. Svcs. LLC v. Magna Ent. Corp. (In re Magna Ent. Corp.)*, 438 B.R. 380, 396 (Bankr. D. Del. 2010) (citations omitted). Not only does the LSA make clear that FLX is a bailee and the Customer Tires are held in bailment by FLX, but each of the foregoing elements is satisfied. The Customer Tires belong to Discount Tire and were delivered to FLX to be warehoused; FLX accepted delivery of the Customer Tires; and the LSA is an express contract that establishes that the Customer Tires will be returned to Discount Tire when directed.

11. Furthermore, the Customer Tires are not held by FLX on consignment because they were not delivered to FLX for the purpose of being sold by FLX. *See* Ariz. Rev. Stat. § 47-9102(A)(20) ("'Consignment' means a transaction, regardless of its form, in which a person deliver goods to a merchant **for the purpose of sale**….") (emphasis supplied). Indeed, the LSA states that FLX "has no actual or apparent authority to use the [Customer Tires] or to transfer the [Customer Tires] to itself or any third party except as required by [Discount Tire's] instructions to deliver the products on behalf of [Discount Tire] Locations and [Discount Tire] itself." LSA, § 2.1.

---

³ The LSA is governed by Arizona law. *See* LSA, § 21.6.

12. Because the Customer Tires are not property of any of the Debtors and are not property of any Debtors' estate, they cannot be encumbered by any liens granted to the DIP Lenders. Accordingly, Discount Tire requests that the Interim Order and any final order granting the Motion make clear that the Customer Tires held by FLX (or any other Debtor) are not and cannot be DIP Collateral.

### Statement Pursuant to Local Rule 9013-1(h)

13. Discount Tire does not consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Conclusion

14. Discount Tire respectfully requests that any interim order or final order regarding the Motion make clear that Customer Tires held by any Debtor under the LSA are not property of any Debtor, not property of any Debtor's bankruptcy estate, and are not and cannot be DIP Collateral, as that term may be defined in any interim order, final order or DIP Document.

| | |
|---|---|
| Dated: October 24, 2024<br>Wilmington, Delaware | */s/ Tobey M. Daluz*<br>Tobey M. Daluz (DE No. 3939)<br>Nicholas J. Brannick (DE No. 5721)<br>BALLARD SPAHR LLP<br>919 N. Market Street, 11th Floor<br>Wilmington, Delaware 19801-3034<br>Telephone: (302) 252-4465<br>Facsimile: (302) 252-4466<br>E-mail: daluzt@ballardspahr.com<br>           brannickn@ballardspahr.com<br><br>*Counsel for The Reinalt-Thomas Corporation* |