IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN TIRE DISTRIBUTORS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12391 (CTG)<br>(Jointly Administered)<br><br>**Hearing Date: January 23, 2025 at 3:30 p.m.**<br>**Obj. Deadline: January 16, 2025 at 4:00 p.m.** |

## MOTION OF CHARMELLE ALEASE MCILWAIN FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C § 362

Now comes Charmelle Alease McIlwain (the "Movant"), plaintiff in that certain action pending before the Superior Court of the State of California, County of Los Angeles, captioned *Charmelle Alease McIlwain v. Fernando Ramirez and American Tire Distributors, Inc.*, Case No. 24CHCV01907 (the "California Litigation"), by and through undersigned counsel, and hereby moves this Honorable Court (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, 11 U. S. C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of (i) permitting the prosecution of the California Litigation against, among others, debtor-defendant American Tire Distributors, Inc. (the "Debtor Defendant") and (ii) to proceed to collect any judgment against any available insurance proceeds under any applicable policy. In support of this Motion, the Movant respectfully shows the Court as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are American Tire Distributors, Inc. (4594); ATD New Holdings II, Inc. (4985); ATD New Holdings III, Inc. (0977); ATD New Holdings, Inc. (3406); ATD Sourcing Solutions, LLC (5225); ATD Technology Solutions Inc. (N/A); FLX FWD Logistics, LLC (3334); Hercules Tire International Inc. (N/A); Terry's Tire Town Holdings, LLC (7409); The Hercules Tire & Rubber Company (3365); Tire Pros Francorp, LLC (1813); Tirebuyer.com, LLC (9093); and Torqata Data and Analytics LLC (4992). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Huntersville, NC 28078.

**BACKGROUND**

1.      The Movant is a resident of the State of California. On or about December 1, 2022, the Movant drove southbound on De Soto Avenue, at the intersection with Knapp Street, in the City of Los Angeles, County of Los Angeles, State of California. At the same time and place, Fernando Ramirez failed to exercise reasonable care in the use of his vehicle, failed to observe for upcoming traffic and yield the right of way and as result collided with the front end of Movant's vehicle (the "Collision"), thereby causing significant injury to Movant.

2.      At the time of the Collision, Mr. Ramirez was employed by the Debtor Defendant and Debtor Defendant continued to allow Mr. Ramirez to operate vehicles in the course and scope of his employment despite the fact that it knew, or through reasonable background investigation, supervision, and/or management, should have known, that he was incompetent, unfit to drive, and likely to cause injury collisions due to poor driving history and prior incidents. Debtor Defendant, the owner of the vehicle driven by Mr. Ramirez at the time of the Collision, ultimately allowed Mr. Ramirez to cause this Collision in the course and scope of his employment, thereby causing significant injury to Movant.

3.      Due to the negligence of Mr. Ramirez and Debtor Defendant, Movant has sustained severe and permanent injury to her body and nervous system, and has incurred medical expenses totaling at least $363,984.23, lost wages totaling at least $7,046.88, and expected future salary. Movant has also sustained loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress.

4.      On or about May 17, 2024, Movant initiated the California Litigation seeking damages that are the direct result of the negligence of Mr. Ramirez and Debtor Defendant. A copy of the most complaint is attached hereto as Exhibit 1.

5. Movant is confident that she will be successful in showing that the defendants, including Debtor Defendant, are liable to Movant as the activities described in the California Litigation are clearly in violation of the relevant statutes and common law.

6. While the California Litigation is only a few months old, the parties are already engaged in active discovery.

7. Movant has learned that the Debtors have insurance that could cover at least a portion of the damages that are alleged in the California Litigation. Also, Movant has learned that defense counsel fees and costs in the California Litigation are being covered by the relevant insurance carriers on behalf of the Debtor Defendant.

8. On October 22, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code in this Court. This filing stayed the California Litigation.

9. By this Motion the Movant seeks relief from the automatic stay so that she may pursue the California Litigation to judgment or other resolution and satisfy any judgment or other resolution she may obtain against the non-debtor defendants and against the Debtor Defendant's applicable insurance proceeds.

## BASIS FOR THE RELIEF REQUESTED

10. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay……for cause……11 U.S.C. § 362(d). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often……examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay."

*In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

11. Courts often follow the logic of the intent behind §362(d) which is that it is often appropriate to allow litigation to proceed in its initial forum, if no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d) (internal citations omitted).

12. This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (a) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (b) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and (c) the creditor's probability of success on the merits. *See In re Tribune Co.,* 418 B. R. 116, 126 (Bankr. D. Del. 2009).

13. Here, the facts weigh heavily in the Movant's favor on each of these three prongs. Under the balancing test, the stay in this case should be lifted.

14. As for the first factor, no prejudice will occur to the bankruptcy estate or the Debtors because Movant seeks to recover only from non-debtors and from the relevant insurance policies of the Debtors, if any, not the Debtors' estates.  This Court has held that debtors do not have an interest in the proceeds of an insurance policy. *In re 15375 Memorial Corp.*, 382 B.R. 652, 687-90, (Bankr. D. Del. 2008).  Since a debtor has no interest in insurance proceeds applicable to claims alleged against it, there can be no hardship to the Debtors here.

15. Moreover, even if the Debtor Defendant were to file cross claims against the other defendants to the California Litigation, those claims will likely be without merit and would not bring any assets into the estates.  Accordingly, similar to a case that would be covered by insurance, any recovery by Movant will not affect the Debtors' estates. *See In re 15375 Memorial Corp.,* 382

B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir.1993).

16. Additionally, the second factor weighs in favor of the Movant. The hardship to the Movant will outweigh any hardship to the Debtors. Movant suffered significant physical and economic injury because of the negligence of the Debtor Defendant and other defendants in the California Litigation. As more fully described in the California Litigation complaint, Movant is entitled to damages. *See* Exhibit 1.

17. It is imperative that Movant be permitted to resolve the California Litigation as quickly as possible. As an initial matter, Movant's medical expenses continue to accrue causing her great hardship. Further, this Court has held, in multiple cases, that the lapse of time is enough to show hardship to the movant. *In re 15375 Memorial Corp.*, 382 B.R. 652, 687-90. The lapse of time caused by delaying litigation to adhere to the stay can cause the loss of evidence, witnesses, and can overwhelm court dockets. *Id*. Furthermore, the Debtors will receive no benefit from the stay because the Movant is seeking to recover solely against insurance proceeds of the Debtors. Therefore, only the insurance carriers will benefit from the stay, not the Debtors – especially when the insurance carriers have already obtained defense counsel on behalf of the Debtor Defendant.

Thus, the hardship to the Movant of continuing the stay outweighs any hardship of the Debtors of lifting the stay.

18.     Moreover, if the Movant is not permitted to liquidate her claim in the forum of her choice, the litigation in Delaware will be before the United States District Court, 28 U.S.C. § 157(b)(5). The California court is the more appropriate forum for a trial governed by California law, regarding issues that are highly specific to California and relate to California residents. *See In re The Conference of African Union First Colored Methodist Protestant Church,* 184 B.R. 207, 218 (Bankr. D. Del 1987) (granting relief from stay to permit Family Court to determine issues which it had expertise). Additionally, the Movant has demanded and has the right to a jury trial. This right cannot be eradicated by filing bankruptcy. When a bankruptcy court hears a non-core matter, (a matter that is not a core proceeding under Title 11, but is related in some way to Title 11), it must submit the findings to the district court and the final order must be entered by the district judge "after considering the bankruptcy judge's proposed findings and conclusions after reviewing *de novo*." *See* 28 U.S.C. §157(c)(1). However, the Delaware district court can refer a proceeding to the bankruptcy court if consent is given by all parties. Thus, without consent of all parties, multiple trials could occur which would impede efficiency and unnecessarily overwhelm the court docket of the bankruptcy court.

19.     By contrast, the Debtor will not suffer any hardship if the California Litigation is allowed to proceed in California. The action should not present factual or legal issues which will impact or distract the Debtors (or a subsequent trustee) from the bankruptcy process. The Debtors have no pecuniary interest in the California Litigation.

20.     Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re*

*Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del 1993). This prong also weighs in Movant's favor. As described above, there is sufficient evidence to prove Movant's allegations. No strong defenses appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

21.     On these facts, cause exists to lift the stay. *Cf. In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) ("cause" utilized to permit litigation in another forum to liquidate personal injury claim); *In re Rexene Products, Inc.*, 141 B.R. at 576 (legislative history indicates "cause" may be established by single factor including to permit action to proceed in another tribunal).

22.     In addition to the balancing test, the intent of Congress when drafting the Code supports the requested relief. It was clearly the intent of Congress to allow proceedings to take place so long as there is no interference with the actual bankruptcy proceedings. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977). Here, there will be no interference with the actual bankruptcy proceedings because the Movant plans to recover solely from insurance proceeds and non-debtors. Thus, the stay should be lifted so that the intent of Congress can be carried out and so that this Court can be relieved of this matter in deference to another court with proper jurisdiction.

23. Although the automatic stay that is imposed in bankruptcy proceedings is historically important in helping protect debtors, it serves no legitimate purpose here. The core purpose of a stay in bankruptcy is "to prevent certain creditors from gaining a preference for their claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in defending proceedings against it; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor." *Matter of Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). None of these issues are present in this case. Accordingly, the stay is unnecessary because it is not protecting the Debtors from any of the core concerns for which a stay is normally implemented.

24. Lastly, the burden of proof for lifting a stay is outlined in 11 U.S.C. 362(g), which states, "[i]n a hearing for relief under subsection (d) or (e), (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues." Therefore, the burden of resisting the relief sought by the Movant is now on the Debtors.

## CONCLUSION

**WHEREFORE,** the Movant respectfully requests the entry of an Order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow the Movant to prosecute the California Litigation and to collect any judgment from the Debtor Defendant's applicable insurance proceeds and any non-debtor defendants.

Dated: December 5, 2024　　　　　　　**CROSS & SIMON, LLC**
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　　*/s/ Kevin S. Mann*
　　　　　　　　　　　　　　　　　　Christopher P. Simon (No. 3697)
　　　　　　　　　　　　　　　　　　1105 North Market Street, Suite 901
　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　(302) 777-4200
　　　　　　　　　　　　　　　　　　kmann@crosslaw.com

　　　　　　　　　　　　　　　　　　*Counsel to Charmelle Alease McIlwain*