# Exhibit 1

**SWEET JAMES, LLP**
Mark Iodice, Esq. (SBN 280271)
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660
Tel:  (949) 644-1000
Fax: (949) 644-1005
marki@sweetjames.com
mi-service@sweetjames.com

Attorney for Plaintiff, CHARMELLE ALEASE MCILWAIN

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/17/2024 8:36 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Vargas, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CHARMELLE ALEASE MCILWAIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>FERNANDO RAMIREZ, an individual; AMERICAN TIRE DISTRIBUTORS, INC., a Delaware Stock Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 24CHCV01907<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, CHARMELLE ALEASE MCILWAIN who respectfully alleges the following:

## **GENERAL ASSERTIONS**

1. This is an action for personal injury arising out of the actions of the Defendants, which occurred on or about December 1, 2022, and which proximately caused serious injuries to Plaintiff CHARMELLE ALEASE MCILWAIN. The negligent acts and omissions of the Defendants as herein alleged took place at or on the intersection of Knapp Street and De Soto Avenue in the City of Los Angeles, County of Los Angeles, State of California. Accordingly, venue within this judicial district is proper.

2. At all times relevant herein, Plaintiff CHARMELLE ALEASE MCILWAIN was a resident of the City of Los Angeles, County of Los Angeles, State of California.

1

3.  At all times relevant herein, Plaintiff CHARMELLE ALEASE MCILWAIN was a resident of the City of Los Angeles, County of Los Angeles, State of California.

4.  Plaintiff is informed and believes, and based upon such information and belief always alleges that relevant herein, Defendant FERNANDO RAMIREZ was a resident of the City of Oxnard, County of Ventura, State of California.

5.  Plaintiff is informed and believe, and based upon such information and belief always alleges that relevant herein, Defendant AMERICAN TIRE DISTRIBUTORS, INC. is a Delaware stock corporation with its principal place of business at 45500 Herbert Wayne Court, Suite 150, Huntersville, North Carolina 28078 and registered agent, 1505 Corporation with a service address at 455 Capitol Mall, Suite 217, Sacramento, California 95814.

6.  Plaintiff is informed and believe, and based upon such information and belief alleges that at all times relevant herein, Defendant FERNANDO RAMIREZ was acting within the course and scope of employment for Defendant AMERICAN TIRE DISTRIBUTORS, INC., on or about December 1, 2022 when his vehicle collided into the front end of the 2013 Ford Escape ("Plaintiff's vehicle") at or on the intersection of Knapp Street and De Soto Avenue, in the City of Los Angeles, County of Los Angeles, State of California.

7.  The true names and/or capacities, whether individual, corporate, associate or otherwise of the Defendants DOES 1 through 50, inclusive, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure § 474. Plaintiff is informed and believe and thereon alleges that each of these Defendants fictitiously named herein as a DOE is legally responsible, negligent or in some other actionable manner liable for the events and happenings hereinafter referred to, and proximately and legally caused the injuries to Plaintiff as hereinafter alleged. Plaintiff will seek leave of the Court to amend this Complaint to insert the true names and/or capacities of such fictitiously-named Defendants when the same has been ascertained.

8.  Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and in

2

doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each Defendant was ratified by said Defendant's co-Defendants, and each of them and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

9. Plaintiff is informed and believes, and based upon such information and belief alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate or business defendant, were authorized, ordered, and directed by the respective defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents.  In addition, at all times herein relevant, each defendant, whether named herein or designated as a DOE, was a principal, master, employer and joint venturer or every other defendant, and every defendant was acting within the scope of said agency authority, employment and joint venture.

10. On or about December 1, 2022, Plaintiff CHARMELLE ALEASE MCILWAIN drove southbound on De Soto Avenue, at the intersection with Knapp Street, in the City of Los Angeles, County of Los Angeles, State of California.

11. Plaintiff is informed and believes, and based upon such information and belief alleges that at the same time and place, Defendant FERNANDO RAMIREZ failed to exercise reasonable care in the use of his vehicle, failed to observe for upcoming traffic and yield the right of way and as result collided with the front end of Plaintiff's vehicle, thereby causing significant injury to Plaintiff.

12. Plaintiff is informed and believes, and based upon such information and belief alleges that at the same time, Defendant AMERICAN TIRE DISTRIBUTORS, INC., and DOES 1 to 50, inclusive were the employers of Defendant FERNANDO RAMIREZ, and continued to allow Defendant FERNANDO RAMIREZ to operate vehicles in the course and scope of his employment despite the fact that they knew, or through reasonable background investigation, supervision, and/or management they should have known, he was incompetent, unfit to drive, and likely to cause injury collisions due to poor driving history and prior incidents, and ultimately allowed Defendant FERNANDO RAMIREZ to cause this collision in the course and scope of his employment, thereby causing significant injury to the Plaintiff.

13. Plaintiff is informed and believes, and based upon such information and belief alleges that at the same time, Defendant AMERICAN TIRE DISTRIBUTORS, INC., and DOES 1 to 50, inclusive were the owners of the vehicle driven by Defendant FERNANDO RAMIREZ and entrusted and permitted him to drive their vehicle despite the fact that they knew, or through reasonable background investigation, they should have known, he was incompetent, unfit to drive, and likely to cause injury collisions due to poor driving history and prior incidents, and ultimately allowed Defendant FERNANDO RAMIREZ to cause this collision, thereby causing significant injuries to Plaintiff.

14. Plaintiff is informed and believes, and based upon such information and belief alleges that at the same time, Defendant AMERICAN TIRE DISTRIBUTORS, INC., and Defendants DOES 1 to 50, inclusive, were the owners of the vehicle driven by Defendant FERNANDO RAMIREZ, and negligently failed to maintain, service, entrust, and inspect said vehicle, thereby leaving it in a dilapidated condition, likely to contribute to, or cause injury collisions, and ultimately did in fact contribute to this collision, thereby causing significant injuries to Plaintiff.

///
///
///
///

## CAUSE OF ACTION

### Negligence

*[Against All Defendants]*

15. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding and subsequent paragraphs, inclusive, of the General Assertions above and the Negligence Cause of Action.

16. On or about December 1, 2022, Plaintiff CHARMELLE ALEASE MCILWAIN drove southbound on De Soto Avenue, at the intersection with Knapp Street, in the City of Los Angeles, County of Los Angeles, State of California.

17. Plaintiff is informed and believes, and based upon such information and belief alleges that at the same time and place, Defendant FERNANDO RAMIREZ failed to exercise reasonable care in the use of his vehicle, failed to observe for upcoming traffic and yield the right of way and as result collided with the front end of Plaintiff's vehicle, thereby causing significant injury to Plaintiff.

18. Plaintiff is informed and believes, and based upon such information and belief alleges that at the same time, Defendant AMERICAN TIRE DISTRIBUTORS, INC., and Defendants DOES 1 to 50, inclusive were the employers of Defendant FERNANDO RAMIREZ, and continued to allow Defendant FERNANDO RAMIREZ to operate vehicles in the course and scope of his employment despite the fact that they knew, or through reasonable background investigation, supervision, and/or management they should have known, he was incompetent, unfit to drive, and likely to cause injury collisions due to poor driving history and prior incidents, and ultimately allowed Defendant FERNANDO RAMIERZ to cause this collision in the course and scope of his employment, thereby causing significant injuries to Plaintiff.

19. Plaintiff is informed and believes, and based upon such information and belief alleges that at the same time, Defendant AMERICAN TIRE DISTRIBUTORS, INC., and DOES 1 to 50, inclusive were the owners of the vehicle driven by Defendant FERNANDO RAMIREZ, and entrusted and permitted him to drive their vehicle despite the fact that they knew, or through reasonable background investigation, they should have known, he was incompetent, unfit to drive,

and likely to cause injury collisions due to poor driving history and prior incidents, and ultimately allowed Defendant FERNANDO RAMIREZ to cause this collision, thereby causing significant injuries to Plaintiff.

20. Plaintiff is informed and believes, and based upon such information and belief alleges that at the same time, Defendant AMERICAN TIRE DISTRIBUTOR, INC., and DOES 1 to 50, inclusive, were the owners of the vehicle driven by Defendant FERNANDO RAMIREZ, and negligently failed to maintain, service, entrust, and inspect said vehicle, thereby leaving it in a dilapidated condition, likely to contribute to, or cause injury collisions, and ultimately did in fact contribute to this collision, thereby causing significant injury to Plaintiff.

21. California Vehicle Code § 21801(a) is a statute enacted to protect, among others, motorists on California highways and streets from collisions arising from drivers making an unsafe turn. California Vehicle Code § 21801(a) states in pertinent part that "The driver of a vehicle intending to turn to the left or to complete a U-turn upon a highway, or to turn left into a public or private property, or an alley, shall yield the right-of-way to all vehicles approaching from the opposite direction which are close enough to constitute a hazard at any time during the turning. movement, and shall continue to yield the right-of-way to the approaching vehicles until the left turn or U-turn can be made with reasonable safety".

22. Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant FERNANDO RAMIREZ, violated the provisions of Vehicle Code § 21801(a) by making an unsafe left turn and as a result colliding with the front end of Plaintiff's vehicle.

23. Plaintiff is informed and believes, and based upon such information and belief alleges that the violation of California Vehicle Code § 21801(a) by Defendant FERNANDO RAMIREZ was a substantial factor in causing the subject collision and Plaintiff's injuries.

24. Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant FERNANDO RAMIREZ, was *per se* negligent for driving in violation of, including but not limited to, California Vehicle Code § 21801(a), at the time of the aforementioned incident.

25. At all times herein mentioned the Plaintiff was a member of the class of persons designed to be protected by the aforementioned vehicle code section, the subject collision was within the class of risks for which the aforementioned vehicle code section was enacted to protect against, Defendant FERNANDO RAMIREZ's violation of said vehicle code section was inexcusable, and thus the violation of said vehicle code was a direct, legal, and proximate cause of the injuries and damages complained of herein.

26. Defendant AMERICAN TIRE DISTRIBUTORS, INC., and DOES 1 to 50, inclusive are vicariously liable for the acts and omissions of their employee Defendant FERNANDO RAMIREZ'S who collided with Plaintiff's vehicle in the course and scope of his employment.

27. Defendant AMERICAN TIRE DISTRIBUTORS, INC., and DOES 1 to 50, inclusive, are liable to Plaintiff for negligently entrusting their vehicle to Defendant FERNANDO RAMIREZ, negligently maintaining said vehicle, and allowing it to be operated in a dilapidated state likely to cause injury collisions, all of which led to this injury causing collision with Plaintiff.

28. As a direct, legal, and proximate result of the negligent acts and/or omissions of Defendant FERNANDO RAMIREZ, Defendant AMERICAN TIRE DISTRIBUTORS, INC., and DOES 1 through 50, inclusive, Plaintiff suffered severe injuries and attendant damages.

29. As a further direct, legal and proximate result of the combined and concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained loss and damages within the jurisdiction of the Superior Court of California, including, but not limited to severe and permanent injury to the body and nervous system of Plaintiff.

30. In addition, as a direct, legal, and proximate result of the combined and concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the following loss and damages within the jurisdiction of the Superior Court of California.

    a. Medical, ambulance and incidental expenses, in an amount to be established at the time of trial according to proof;

    b. Economic loss, including but not limited to loss of wages and salary expectancy in an amount to be established at the time of trial according to proof;

SWEET JAMES, LLP
4220 Von Karman Avenue, Suite 200
Newport Beach, CA 92660

    c.  General damages for pain, suffering, physical and mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, in an amount to be established at the time of trial according to proof;

    d.  Loss or damage to tangible personal property, in an amount to be established at the time of trial according to proof; and

    e.  Pre-trial interest, in an amount to be established at the time of trial according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays for judgment against Defendant FERNANDO RAMIREZ, an individual, Defendant AMERICAN TIRE DISTRIBUTORS, INC., a Delaware Stock Corporation, and DOES 1 through 50, inclusive. as follows:

1. For repayment of all special damages incurred, including, but not limited to all past and future wage loss, hospital, and medical expenses.

2. For all general damages according to proof.

3. For all prejudgment interest as allowed by law.

4. For costs of suit incurred herein.

5. For such other and further relief as the Court deems just and proper.

DATED: May 17, 2024          **SWEET JAMES, LLP**

By: _/s/ Mark Iodice_
Mark Iodice, Esq.
Attorney for Plaintiff, CHARMELLE ALEASE MCILWAIN

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

DATED: May 17, 2024          **SWEET JAMES, LLP**

By: _/s/ Mark Iodice_
Mark Iodice, Esq.
Attorney for Plaintiff, CHARMELLE ALEASE MCILWAIN