IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN TIRE DISTRIBUTORS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12391 (CTG)<br>(Jointly Administered)<br><br>Re: Docket No. ____ |

### ORDER GRANTING MOTION OF CHARMELLE ALEASE MCILWAIN FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C § 362

Upon consideration of the Motion of Charmelle Alease McIlwain for Relief From the Automatic Stay Under 11 U.S.C. § 362 (the "Motion")[2]; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been provided pursuant to Local Bankruptcy Rule 4001-1; and it appearing that no other or further notice being required; and upon consideration of any response timely filed with respect to the Motion; and after due deliberation and sufficient cause therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as hereinafter set forth.

2. The automatic stay is hereby modified to the extent, but only to the extent necessary, to permit Charmelle Alease McIlwain to continue the prosecution of the California Litigation against any of the Debtors and certain non-debtors (including any subsequent appeals

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are American Tire Distributors, Inc. (4594); ATD New Holdings II, Inc. (4985); ATD New Holdings III, Inc. (0977); ATD New Holdings, Inc. (3406); ATD Sourcing Solutions, LLC (5225); ATD Technology Solutions Inc. (N/A); FLX FWD Logistics, LLC (3334); Hercules Tire International Inc. (N/A); Terry's Tire Town Holdings, LLC (7409); The Hercules Tire & Rubber Company (3365); Tire Pros Francorp, LLC (1813); Tirebuyer.com, LLC (9093); and Torqata Data and Analytics LLC (4992). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Huntersville, NC 28078.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

taken by any of the parties thereto) for the sole purpose of determining the liability of the Debtors and/or damages due to Movant.

3. The sole and exclusive right and remedy of Movant regarding the enforcement of any of the claims asserted against any of the Debtors in the California Litigation (including any judgment obtained against the Debtors, the Debtors' estates and/or any trustee) shall be limited to (1) recovery or payment from any available insurance proceeds or coverage available from any insurer of the Debtors (the "Insurance Proceeds"); and, (2) liquidation of Movant's claims against the Debtors.

4. The provisions of Section 362 of the Bankruptcy Code prohibiting execution, enforcement, or collection of any judgment which may be obtained in the California Litigation against any and all assets or property of the Debtors' estates shall remain in full force and effect, and neither Movant nor any of her respective agents, servants, attorneys, employees or other representatives shall ever attempt to cause any action whatsoever to be taken to collect any portion of any such judgment from the assets or properties of the Debtors' estates other than from any applicable insurance proceeds, pending further order of this Court.

5. In the event that Movant obtains a judgment against any of the Debtors in connection with the California Litigation, Movant is authorized to take any necessary actions to collect such judgment from the Debtors' insurance carrier(s) only.

6. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.