IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ------------------------------------------------------------x |  |  |
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 24-12391 (CTG) |
| AMERICAN TIRE DISTRIBUTORS, INC., *et al.*, | : |  |
|  | : | Jointly Administered |
| Debtors.[1] | : |  |
|  | : | **Related D.I. No. 462, 543, 821, 833** |
| ------------------------------------------------------------x |  |  |

**OMNIBUS OBJECTION OF COGNIZANT TO (1) SUPPLEMENTAL NOTICE OF DESIGNATION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES AS "ASSUMED CONTRACTS" AND ASSUMPTION AND ASSIGNMENT THEREOF AND (2) NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

Cognizant Worldwide Limited and Cognizant Technology Solutions U.S. Corp. (collectively "Cognizant"), by and through its undersigned counsel, hereby file this Omnibus Objection to the *Supplemental Notice of Designation of Certain Executory Contracts and/or Unexpired Leases as "Assumed Contracts" and Assumption and Assignment Thereof* (the "Supplemental Assumption Notice") (ECF No. 821) and *Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* (the "Rejection Notice") (ECF No. 833) filed by American Tire Distributors, Inc. and its subsidiaries (the "Debtors"). In support of this Omnibus Objection, Cognizant states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are American Tire Distributors, Inc. (4594); ATD New Holdings II, Inc. (4985); ATD New Holdings III, Inc. (0977); ATD New Holdings, Inc. (3406); ATD Sourcing Solutions, LLC (5225); ATD Technology Solutions Inc. (N/A); FLX FWD Logistics, LLC (3334); Hercules Tire International Inc. (N/A); Terry's Tire Town Holdings, LLC (7409); The Hercules Tire & Rubber Company (3365); Tire Pros Francorp, LLC (1813); Tirebuyer.com, LLC (9093); and Torqata Data and Analytics LLC (4992). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Huntersville, NC 28078.

**BACKGROUND**

1.      Pursuant to a Master Services Agreement, as amended from time to time, and various statements of work, master purchase agreements, amendments, work orders issued thereunder, and other related documents (collectively, the "Agreement"), Cognizant agreed to provide certain technology related services to the Debtors and the Debtors agreed to pay for such services as invoiced.

2.      On October 22, 2024 (the "Petition Date"), the Debtors filed for bankruptcy.

3.      As of the Petition Date, the Debtors owed $1,792,437.76 to Cognizant under the Agreement for services rendered prior to the Petition Date.

4.      Following the Petition Date, Cognizant has continued to provide technology services to the Debtors pursuant to the terms of the Agreement.

5.      On December 11, 2024, the Debtors filed the Assumption Notice. *See* ECF No. 462. The Assumption Notice identifies a cure amount of $1,303,928.47. It is unclear if the Assumption Notice proposes to assume the entire Agreement (which is what the Bankruptcy Code requires) or portions of the Agreement. In response to the Assumption Notice, Cognizant filed the *Limited Objection of Cognizant to Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases* (the "Limited Objection") (ECF No. 543). In the Limited Objection, Cognizant explained that as part of any cure, the Debtors must pay both the $1,792,437.76 pre-petition amount owed to Cognizant and any amount the Debtors owe to Cognizant under the Agreement for post-petition services, including the additional $604,051.89 owed by the Debtors as of December 16, 2024. This Limited Objection has not been resolved and is still pending before this Court.

6. On February 27, 2025, the Debtors filed the Supplemental Assumption Notice, which identifies as "Postpetition Assumed Contracts" eleven statements of work between the Debtors and Cognizant. The Supplemental Assumption Notice does not include the Agreement in whole and does not include any additional cure amounts that may have been incurred from December 16, 2024 to the date of the filing.

7. Additionally, on February 28, 2025, the Debtors filed the Rejection Notice, which identifies one statement of work between the Debtors and Cognizant as being allegedly rejected effective February 28, 2025. This one statement of work is part of the Agreement in whole.

## **OMNIBUS OBJECTION**

8. A debtor must assume or reject an executory contract in its entirety under 11 U.S.C. § 365(a). *See, e.g., In re Contract Research Sols., Inc.*, No. 12-11004 (KJC), 2013 Bankr. LEXIS 1784, at *4 (Bankr. D. Del. May 1, 2013) ("Assumption or rejection of an executory contract or unexpired lease must be done in its entirety"); *In re MF Global Holdings Ltd.*, 466 B.R. 239, 241 (Bankr. S.D.N.Y. 2012) ("An executory contract may not be assumed in part and rejected in part.").

9. In addition, "a debtor cannot assume such a contract unless the debtor satisfies several statutory conditions designed to make the non-debtor contracting party whole." *ReGen Capital I, Inc. v. Halperin (In re Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008); *see also In re G-I Holdings, Inc.*, 580 B.R. 388 (Bankr. D.N.J. 2018). In particular, the debtor must "cure the default, or provide adequate assurance that it will promptly cure it[.]" *Id*. This "strives to restore the debtor-creditor relationship . . . to pre-default conditions . . . bringing the contract back into compliance with its terms[.]" *Id*. (internal citations omitted).

10. The Agreement constitutes one integrated contract. By the Assumption Notice, the Supplemental Assumption Notice, and the Rejection Notice, it is unclear as to what the Debtors

are proposing to do with respect to the Agreement. The Debtors appear to be attempting to assume certain statements of work through the Supplemental Assumption Notice and seek to reject others by the Rejection Notice. To the extent that the Debtors are attempting to not assume the Agreement in its entirety, Cognizant objects to such proposed partial assumption and/or rejection.

11. In addition, as part of any assumption, all pre-petition and post-petition amounts owed under the Agreement must be paid in full. Cognizant objects to the cure amounts and the proposed assumption and assignment to the extent that the Debtors are not proposing to pay all amounts that are owed.

## **RESERVATION OF RIGHTS**

12. Cognizant reserves the right to make such other and further objections as may be appropriate, and does not waive and hereby reserves all of its rights, remedies, and arguments with respect to the Assumption Notice, the Supplemental Assumption Notice, and the Rejection Notice (and any other proposed rejection or assumption and assignment of the Agreement that the Debtors have filed and/or may file in the future).

WHEREFORE, Cognizant respectfully requests that the Court:

(A)    Order the Debtors to assume the Agreement in its entirety;

(B)    If the Debtors intend to assume the Agreement in its entirety, order the Debtors to pay all amounts outstanding as set forth herein (both pre-petition and post-petition and well as the amounts that continue to come due) as cure costs including without limitation the $1,741,106.39 pre-petition amount owed to Cognizant and any amounts owed to Cognizant under the Agreement for post-petition services and

(C)    Grant such other and further relief as is just and appropriate under the circumstances.

| Dated: March 7, 2025 | Respectfully submitted, |
|---|---|
| Wilmington, Delaware | |

**DLA PIPER LLP (US)**

*/s/ R. Craig Martin*
R. Craig Martin (DE 5032)
Matthew S. Sarna (DE 6578)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com
   matthew.sarna@us.dlapiper.com

and

Dale K. Cathell
Virginia R. Callahan
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202
Telephone: (410) 580-3000
Facsimile: (410) 580-3001
Email: dale.cathell@us.dlapiper.com
   virginia.callahan@us.dlapiper.com

*Counsel for Cognizant Worldwide Limited and Cognizant Technology Solutions U.S. Corp.*

5

1617858712

Dated: March 7, 2025
Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ R. Craig Martin*
R. Craig Martin (DE 5032)
Matthew S. Sarna (DE 6578)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com
   matthew.sarna@us.dlapiper.com

and

Dale K. Cathell
Virginia R. Callahan
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202
Telephone: (410) 580-3000
Facsimile: (410) 580-3001
Email: dale.cathell@us.dlapiper.com
   virginia.callahan@us.dlapiper.com

*Counsel for Cognizant Worldwide Limited and Cognizant Technology Solutions U.S. Corp.*

1617858712