IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OLDCO TIRE DISTRIBUTORS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12391 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: April 10, 2025 at 4:00 p.m.**<br>**Hearing Date: Only if an objection is filed**<br>**Re:  Docket No. 949** |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE COMMITTEE TO FILE CERTAIN PORTIONS OF THE SUPPLEMENTAL DECLARATIONS UNDER SEAL**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases state as follows in support of this motion (the "Motion to Seal"):

**Relief Requested**

1.      The Committee seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A** authorizing the Committee to file certain portions of any supplemental declarations to their retention applications, including the *Supplemental Declaration of Lorenzo Marinuzzi in Support of the Application of the Official Committee of Unsecured Creditors of American Tire Distributors, Inc., et al., for Entry of an Order Authorizing the Employment and Retention of Morrison & Foerster LLP as Counsel Effective as of November 5,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Oldco Tire Distributors, Inc. (4594); Oldco Holdings II, Inc. (4985); Oldco Holdings III, Inc. (0977); Oldco Holdings, Inc. (3406); Oldco Sourcing Solutions, LLC (5225); ATD Technology Solutions Inc. (N/A); Oldco FF Logistics, LLC (3334); Hercules Tire International Inc. (N/A); Oldco Town Holdings, LLC (7409); The Oldco Tire & Rubber Company (3365); Oldco Pros Francorp, LLC (1813); Oldcobuyer.com, LLC (9093); and Oldco Data and Analytics LLC (4992). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 12200 Herbert Wayne Court, Huntersville, NC 28078.

55329605.1

*2024* [Docket No. 949] (the "Supplemental Declaration"), under seal and (b) to file unredacted versions with confidential information of such documents redacted.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Committee confirm its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

3. On October 22, 2024 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary cases (the "Chapter 11 Cases") with the Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. On November 4, 2024, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. *See Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 128]; *First Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No.

139]. As of the date herein, the Committee consists of the following five (5) members: (1) Sumitomo Rubber North America, Inc.; (2) The Carlstar Group, LLC; (3) 3PLogic, LLC d/b/a Redwood Supply Chain Solutions; (4) Ryder Truck Rental Inc.; and (5) FacilitySource, LLC d/b/a CBRE Retail.[2]  The Committee selected Ryder Truck Rental Inc. to serve as its chairperson.

5. On November 5, 2024, the Committee conducted its initial meeting and selected Morrison & Foerster LLP ("Morrison & Foerster") as its proposed lead counsel. On November 6, 2024, the Committee selected Saul Ewing LLP ("Saul Ewing") as its proposed Delaware counsel and Province, LLC ("Province") as its proposed financial advisor in these Chapter 11 Cases.

6. On November 22, 2024, the Debtors filed the *Motion of Debtors for Entry of an Order Authorizing the Debtors to File Under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Professional Retention Applications* [Docket No. 333] (the "Sealing Procedures Motion") seeking authority to redact the identities of the potential M&A counterparties in the Debtors' marketing process (the "Confidential Information") contained in the Debtors' declarations in support of their retention applications.

7. On December 5, 2024, the Committee filed the *Application of the Official Committee of Unsecured Creditors of American Tire Distributors, Inc., et al., for Entry of an Order Authorizing the Employment and Retention of Morrison & Foerster LLP as Counsel Effective as of November 5, 2024* [Docket No. 384], the *Application of the Official Committee of Unsecured Creditors for an Order Authorizing and Approving the Employment and Retention of Saul Ewing LLP as Co-Counsel, Effective as of November 6, 2024* [Docket No. 386], and the *Application for Entry of an Order Authorizing and Approving the Employment of Province, LLC as Financial*

---

[2] On or around March 4, 2025, Nexen Tire America, Inc. resigned from the Committee. On or around March 25, 2025, Continental Tire the Americas, LLC resigned from the Committee.

55329605.1

*Advisor to the Official Committee of Unsecured Creditors Effective as of November 6, 2024* [Docket No. 388] (collectively the "Retention Applications").

8. To ensure the Committee's professionals also had authority to redact the Confidential Information in their declarations in support of the Retention Applications, the Committee filed the *Joinder of the Official Committee of Unsecured Creditors to the Motion of Debtors for Entry of an Order Authorizing the Debtors to file Under Seal the Names of Certain Confidential Parties in Interest Related to the Debtors' Professional Retention Applications* [Docket No. 392].

9. The Court entered an order granting the Sealing Procedures Motion on December 11, 2024 [Docket No. 450] (the "Sealing Procedures Order"). Pursuant to the Sealing Procedures Order, "the Committee, as applicable, are authorized, . . . to file the Committee Professional Declarations and any documents related thereto with the names of the Confidential Parties under seal."

10. On February 25, 2025, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing Debtors to File Under Seal Certain Portions of Supplemental Declaration of Chad J. Husnick in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of October 22, 2024* [Docket No. 803] (the "Supplemental Sealing Procedures Motion") requesting authority to file a supplemental declaration with the Confidential Information under seal.

11. On March 13, 2025, the Court entered the *Order Authorizing Debtors to File Under Seal Certain Portions of Supplemental Declaration of Chad J. Husnick in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis*

*LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of October 22, 2024* [Docket No. 878] (the "Supplemental Seal Order").

12. The Supplemental Declaration and any other declarations the Committee may file in support of their Retention Application will contain Confidential Information that the Debtors have requested to keep confidential in the Sealing Procedures Motion and the Supplemental Sealing Procedures Motion. As such, the Committee respectfully requests that the Court grant this Motion to Seal and seal the Confidential Information in the Supplemental Declaration and in any further supplemental declarations the Committee may file in support of the Retention Applications.

## Basis for Relief Requested

13. Section 107(b) of the Bankruptcy Code enables the court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Specifically, section 107(b) provides, in part, that:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

14. Bankruptcy Rule 9018 further sets forth the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code, and provides that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

15. If the court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is **required** to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d. Cir. 1994) (emphasis added). The purpose of section 107 of the Bankruptcy Code "is to protect 'business

entities from disclosure of information that could reasonably be expected to cause the entity commercial injury" *Robbins v. Tripp*, 510 B.R. 61, 67 (E.D. Va. 2014) (quoting *In re Georgetown Steel Co.*, 306 B.R. 542, 546 (Bankr. D.S.C. 2004)).

16. "[I]nformation which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor'" is one category of information within the scope of section 107(b) of the Bankruptcy Code. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28).

17. The Supplemental Declaration and the schedules attached thereto consists of information regarding the identities of parties interested in the Debtors' commercial operations. For the reasons stated in this Motion to Seal, in the Sealing Procedures Motion, and the Supplemental Sealing Procedures Motion, the Debtors respectfully request that the Court grant the Motion to Seal and seal the Confidential Information.

**Averment Pursuant to Local Rule 9018-1(d)**

18. The Confidential Information that the Committee is seeking to seal consists of the Debtors' information. The Committee is seeking authority to redact the same Confidential Information that the Debtors have already obtained authority to redact pursuant to the Supplemental Seal Order. As such, a meet and confer regarding the scope of the information that must be sealed was unnecessary.

**Notice**

19. The Committee will provide notice of this Motion to Seal to: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the Ad Hoc Group and the DIP Term Lenders; (g) the agents for certain prepetition and postpetition lenders of the Debtors; (h) counsel to OneRail; (i) counsel to

the Buyer; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no other or further notice is required.

## Conclusion

WHEREFORE, the Committee respectfully requests that this Court enter the Order substantially in the form attached hereto as **Exhibit A** granting the relief requested herein and such other and further relief as is just or proper.

Dated: March 27, 2025

**SAUL EWING LLP**

*/s/ Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
Nicholas Smargiassi (DE Bar No. 7265)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6898
Email: luke.murley@saul.com
nicholas.smargiassi@saul.com

-and-

**MORRISON & FOERSTER LLP**
Lorenzo Marinuzzi (admitted *pro hac vice*)
Doug Mannal (admitted *pro hac vice*)
Benjamin Butterfield (admitted *pro hac vice*)
Raff Ferraioli (admitted *pro hac vice*)
Darren Smolarski (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Email: lmarinuzzi@mofo.com
dmannal@mofo.com
bbutterfield@mofo.com
rferraioli@mofo.com
dsmolarski@mofo.com

*Counsel for the Official Committee of Unsecured Creditors*