**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OLDCO TIRE DISTRIBUTORS, INC, [1] | ) Case No. 24-12391 (CTG) |
| | ) |
| Post-Effective Date Debtor. | ) **Re: D.I. 1203** |
| | ) |

**CROWN EQUIPMENT CORPORATION'S RESPONSE TO PLAN ADMINISTRATOR'S SECOND (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN REDUCE AND ALLOW CLAIMS, RECLASSIFY CLAIMS AND NO LIABILITY CLAIMS**

Crown Equipment Corporation ("Crown") responds as follows to the Plan Administrator's Second (Substantive) Omnibus Objection to Certain Reduce and Allow Claims, Reclassify Claims and No Liability Claims (D.I. 1203, the "Claim Objection") with respect to Crown's claim number 00417 ("Crown's Claim").

**PRELIMINARY STATEMENT**

Crown's Claim reflects amounts owed to Crown by Debtor, American Tire Distributors, Inc. ("American Tire") for equipment parts, which were purchased by American Tire within twenty days preceding the Petition Date (i.e. between October 2, 2024, and October 21, 2024). Such part sales were made in the ordinary course of American Tire and Crown's business relationship. Further, there is no doubt that Crown's sale and installation of parts to American Tire in the days leading up to these bankruptcy cases provided a benefit to American Tire's estate and allowed it to continue operating in the ordinary course. Sale of parts is entirely consistent with the

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is, Oldco Tire Distributors, Inc. *fdba* American Tire Distributors, Inc. (4594). The Post-Effective Date Debtor's mailing address is 12200 Herbert Wayne Court, Huntersville, NC 28078.

1

intent of section 503(b)(9) of the Bankruptcy Code, and as a result, Crown's Claim is entitled to administrative expense priority.

## RELEVANT BACKGROUND

1. Crown is a material handling equipment manufacturer and technology provider. Crown provides service work, sales for equipment and parts, and rentals through its retail locations and independent dealers.

2. On October 22, 2024, (the "Petition Date") American Tire and affiliated entities, (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

3. From October 2, 2024, through October 21, 2024, American Tire purchased various parts from Crown and enlisted Crown's technicians to install parts on equipment. A true and accurate copy of Crown's invoices reflecting parts purchased by American Tire and installation is attached as **Exhibit A**.

4. In exchange, American Tire agreed to pay Crown for the purchased parts.

5. As of the Petition Date, American Tire owed Crown $40,463.29 for parts received and installed on equipment, within 20 days prior to the Petition Date.

6. On June 25, 2025, the plan administrator filed the Claim Objection. The plan administrator's Claim Objection makes an untrue statement that Crown's 11 U.S.C. § 503(b)(9) claim is not warranted because it is for services and not for goods.

7. What follows are reasons detailing why Crown is entitled to administrative status.

**ARGUMENT**

**I.   The Plan Administrator Failed to Meet His Burden to Rebut Crown's Proof of Claim**

8. A proof of claim signed and filed in accordance with the Bankruptcy Rules is prima facie evidence of the claim's validity and amount. Fed. R. Bankr. P. 3001(f); *see, e.g., In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011). The objector must then "produce evidence equal in force to the prima facie case." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Boiler-plate objections without evidence or analysis are insufficient for such a rebuttal. *See In re Cappedge*, 555 B.R. 456, 460 (Bankr. M.D. Pa. 2016) (overruling "boiler-plate" objections even where no response to claim objection was filed). The challenger must rebut the presumption of validity with affirmative proof, and more than a mere general assertion is necessary to overturn the presumption. *See In re Colorado Corp.*, 531 F.2d 463, 467 (10th Cir. 1976); *In re Lampe*, 665 F.3d at 514.

9. In the present case, the plan administrator has provided no evidence to rebut the existence and validity of Crown's Claim. Rather, the Claim Objection makes a false statement that because *the claim is for services and not goods* administrative status under 11 U.S.C. § 503(b)(9) is not warranted. The plan administrator provided no explanation or basis for reclassification of Crown's Claim to a general unsecured claim or how parts supplied with a service do not qualify under 11 U.S.C. §503(b)(9), but rather stated in a conclusory fashion it is "ineligible" for 503(b)(9) classification.

10. Accordingly, the plan administrator has failed to meet the burden, and the Claim Objection, therefore should be overruled.

**II.   Crown is Entitled to an Administrative Expense Claim under 11 U.S.C. § 503(b)(9) for Goods Received by American Tire**

11. Pursuant to section 503(b)(9) of the Bankruptcy Code, an allowed administrative expense includes "the value of any goods received by the debtor within 20 days before the date of

commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). The Third Circuit Court of Appeals has recognized to establish a valid administrative expense claim under section 503(b)(9), a claimant must demonstrate that: "(1) the vendor sold 'goods' to the debtor; (2) the goods were received by the debtor within twenty days [before the bankruptcy] filing; and (3) the goods were . . . in the ordinary course of business." *In re World Imports, Ltd.,* 862 F.3d 338, 341 (3d Cir. 2017) (citation omitted). This Court has recognized that "[p]ossession may be actual or constructive and occurs when the seller can no longer stop delivery and is left only with the remedy of reclamation." *In re ADI Liquidation, Inc.*, 572 B.R. 543, 548 (Bankr. D. Del. 2017).

12. While the phrase "received by the debtor" is not defined in the Bankruptcy Code, several courts, including this Court, have evaluated Article 2 of the Uniform Commercial Code when analyzing section 503(b)(9) claims. *In re SRC Liquidation, LLC*, 573 B.R. 537, 540-41 (Bankr. D. Del. 2017). "The U.C.C. defines receipt of goods as 'taking physical possession of them,' 'unless the context clearly requires otherwise.'" *Id*. Further, comment 2 to section 2-705 specifies that "[r]eceipt by the buyer includes receipt by the buyer's designated representative . . ." *Id*.

13. In this case, within 20 days before the Petition Date, American Tire purchased and received the parts upon installation by Crown service technicians. A true and accurate copy of Crown's invoices reflecting parts purchased by American Tire and installation is attached as **Exhibit A**.

14. Thus, Crown is entitled to 11 U.S.C. § 503(b)(9) status.

## **CONCLUSION**

**WHEREFORE,** Crown respectfully requests the Court to overrule the Claim Objection as it relates to Crown's Claim and grant Crown administrative expense status under 11 U.S.C. § 503(b)(9) and further relief as the Court deems just and proper.

Dated: July 16, 2025  
Wilmington, Delaware

Respectfully submitted,

**SAUL EWING LLP**

*/s/ John D. Demmy*
John D. Demmy, Esq. (DE No. 2802)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899
Telephone:     (302) 421-6848
Email: john.demmy@saul.com

-and-

**SEBALY, SHILLITO + DYER**
Christopher S. Baxter, Esq. (*pro hac vice forthcoming*)
220 E. Monument Ave. Suite 500
Dayton, OH 45402
Telephone: (937) 222-2500
Email: cbaxter@ssdlaw.com

*Counsel for Crown Equipment Corporation*